IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 10–cv–01917–PAB–KMT

KRYSTLE BERNAL, and
AMANDA KROL, on behalf of themselves and all similarly situated individuals,

  Plaintiffs,

v.

GEORGE BURNETT, an individual,
WILLIAM OJILE, an individual,
ALTA COLLEGES, INC., a Delaware corporation,
WESTWOOD COLLEGE, INC., a Colorado corporation,
TRAV CORPORATION, a Colorado corporation d/b/a Westwood College and Westwood College Online,
GRANT CORPORATION, a Colorado corporation d/b/a Westwood College,
WESGRAY CORPORATION, a Colorado corporation d/b/a Westwood College,
EL NELL, INC., a Colorado corporation d/b/a Westwood College,
PARIS MANAGEMENT COMPANY, a Delaware corporation d/b/a Redstone College,
ELBERT, INC., a Colorado corporation d/b/a Westwood College, and
BOUNTY ISLAND CORPORATION, a Delaware corporation formerly d/b/a Redstone College,

  Defendants.

## ORDER

This matter is before the court on the "Defendants' Motion to Stay Discovery and Pretrial Proceedings Pending Resolution of Defendants' Motion to Compel Individual Arbitration" (Doc. No. 29, filed November 1, 2011) and Defendants' "Motion for Continuance of Rule 16(b) Scheduling Conference and Rule 26(f) Planning Meeting" (Doc. No. 33, filed November 3,

2010). Plaintiffs filed their response to the Motion for Continuance on November 5, 2010 (Doc. No. 37) and their response to the Motion to Stay on November 8, 2010 (Doc. No. 39).

**MOTION TO STAY**

Stays are generally disfavored in this District. *See Wason Ranch Corp. v. Hecla Mining Co.*, No. 07-cv-00267-EWN-MEH, 2007 WL 1655362, at *1 (D. Colo. June 6, 2007). However, a stay may be appropriate in certain circumstances. The court weighs several factors in making a determination regarding the propriety of a stay. *See String Cheese Incident, LLC v. Stylus Show, Inc.*, No. 02-cv-01934, 2006 WL 894955, at * 2 (D. Colo. Mar. 30, 2006) (denoting a five-part test). The court considers (1) the interest of Plaintiffs; (2) the burden on Defendants in going forward; (3) the court's convenience; (4) the interest of nonparties, and (5) the public interest in general. *Id.*

In weighing the factors for determination of the propriety of a stay, the court finds that a stay is inappropriate here. Plaintiffs oppose a stay and express an interest in proceeding expeditiously with his case due to the likelihood that "older documents or information may be edited or destroyed" because of changes in Defendants' enrollment processes. Plaintiffs assert that the more time that passes, the less likely Plaintiffs will have complete access to information on which entire portions of their case may hinge. The court finds this is a reasonable position.

Defendants do not suggest any undue burden in proceeding with the case. The ordinary burdens associated with litigating a case do not constitute undue burden. *See Collins v. Ace Mortgage Funding, LLC*, 08-cv-1709-REB-KLM, 2008 WL 4457850, at *1 (D. Colo. Oct. 1, 2008). Moreover, though Defendants have filed a Motion to Compel Arbitration which, if

successful, justifies the imposition of a stay during the pendency of the arbitration, the Motion is not based on grounds typically warranting the imposition of a stay. More specifically, while courts frequently have imposed a stay when compelling issues relating to jurisdiction or immunity have been raised, *Siegert v. Gilley*, 500 U.S. 226, 231-32 (1991) (noting that immunity is a threshold issue and discovery should not be allowed while the issue is pending); *Gilbert v. Ferry*, 401 F.3d 411, 415-16 (6th Cir. 2005) (finding stay permissible pending ruling on dispositive motion involving traditional jurisdictional issue), a stay is only required after a determination has been made that the parties have a valid arbitration agreement. 9 U.S.C. § 3 (stay only required by court "upon being satisfied that the issue involved . . . is referable to arbitration"); *see also Qualcomm Inc. v. Nokia Corp.*, 466 F.3d 1366, 1370 (Fed. Cir.2006) (if district court satisfied issue involved is arbitrable, then it must grant stay); *Houlihan v. Offerman & Co., Inc.*, 31 F.3d 692, 695 (7th Cir. 1994) (federal court must stay proceedings once it determines that dispute falls within scope of valid arbitration agreement). Here, Plaintiffs contend that they did not knowingly or willingly agree to arbitrate any of their claims. Therefore, on balance, this court finds that consideration of the first two *String Cheese Incident* factors weighs against the imposition of a stay in this case.

      The Court also considers its own convenience, the interest of nonparties, and the public interest in general. None of these factors prompts the Court to reach a different result.

**MOTION FOR CONTINUANCE OF SCHEDULING CONFERENCE**

Defendants also move for a continuance of the Scheduling Conference and Fed. R. Civ. P. 26(f) Planning Meeting in order that Defendants' local counsel, who is scheduled to be out of the country on November 15, 2010, may attend the conference. Due to the confines of Fed. R. Civ. P. 16(b), the Scheduling Order must be entered on or before November 22, 2010. As such, the court declines to reschedule the Scheduling Conference. Defendants' out-of-state counsel may attend the Scheduling Conference by telephone by calling 303-335-2780 at the scheduled time.

Therefore, it is

**ORDERED** that "Defendants' Motion to Stay Discovery and Pretrial Proceedings Pending Resolution of Defendants' Motion to Compel Individual Arbitration" (Doc. No. 29) and Defendants' "Motion for Continuance of Rule 16(b) Scheduling Conference and Rule 26(f) Planning Meeting" (Doc. No. 33) are **DENIED**.

Dated this 9th day of November, 2010.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge